```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

**MARY VIRGINIA MASTERS, aka**
**VIRGINIA E. JOHNSON,**            )
                                    )
      **Plaintiff,**          )
                                    )
      vs.                     )   Case No. 4:06CV1850-DJS
                                    )
**UHS OF DELAWARE, INC.,**          )
                                    )
      **Defendant.**          )

<u>**ORDER**</u>

      Now before the Court are plaintiff Virginia E. Johnson's ("Johnson") motion to compel discovery [Doc. #23]; defendant UHS of Delaware, Inc.'s ("UHS") motion to compel discovery [Doc. #26]; and the parties' joint motion to amend the case management order [Doc. #32].

      Johnson's amended complaint states that she and William Masters made contributions to the field of sexual medicine, and that as a result of these contributions the "Masters and Johnson" name has achieved particular recognition. Consequently, the Masters and Johnson service mark ("service mark") — used in connection with various clinics, treatment programs, and literature — indicates an affiliation with the Masters and Johnson methodology.

      Among other claims, Johnson alleges that Masters and Johnson licensed UHS to use the service mark in the treatment of sexual dysfunction and sexual trauma, but that UHS exceeded the scope of the license by using the service mark in connection with

non-sexual trauma services (e.g., treatment services related to addictions, eating disorders, compulsive behaviors, and chemical dependencies).

**Johnson's Motion to Compel Discovery**

Johnson's motion seeks an order compelling UHS to fully produce documents concerning the "financial information pertaining to UHS's seminars, promotional materials, educational materials, clinical programs, and other uses of the Masters and Johnson service mark." Doc. #23, p. 1.[1] In opposition, UHS states that it does not track revenue generated by a specific treatment program — rather, UHS states that it records revenue generated from each patient as a single entry. Further, UHS states that the request is irrelevant, because it includes revenue generated by the permissible use of the service mark. Finally, UHS states that it has provided Johnson with a financial spreadsheet, which reflects the total annual revenue and total annual expense information generated by all of the various seminars. UHS argues that to the extent Johnson seeks the back-up detail underlying the accounting information maintained by UHS in the normal course of its business, that demand seeks duplicative information that cannot be produced without undue burden and expense.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not

---

[1] Request for production number 11 asks for "[a]ll documents and things that refer or relate to the revenue and profit earned by UHS from all programs, seminars, promotional materials, educational materials, or any other utilization of the Service Mark." Doc. #24, Ex. 2.

privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Armstrong v. Hussmann Corp., 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Given that the Federal Rules of Civil Procedure allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited. See Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. St. Paul Reinsurance Co., 198 F.R.D. at 511-12. "[T]he party resisting discovery must show specifically how...each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Id. (citations omitted);

see also Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, at *5 (D. Neb. Oct. 5, 2006) (stating that the party resisting discovery has "an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents").

In this case, UHS generally argues that it has produced "the total revenue and expenses from all of the seminars it conducts," and that

> [t]o further breakdown how much revenue was derived from any particular seminar would be overly burdensome and expensive....Retrieving the back-up data would require searching for and pulling boxes with years worth of documentation, such as receipts, registration forms of thousands of attendees, expense reports and similar matters.

Doc. #28, p. 6. However, the Court finds that financial information beyond that which is provided on the financial spreadsheet is, at least, reasonably relevant to Johnson's claim that UHS benefitted from improper use of the service mark. Further, UHS has not offered the Court sufficient detail about the nature of the burden in terms of time, money, and procedure. Accordingly, to the extent such documents exist, UHS will be ordered to produce UHS documents reflecting (1) UHS revenue generated from each seminar and clinical program that utilized the service mark, and (2) UHS revenue generated from promotional and educational materials that utilized the service mark. The Court specifically notes that, at this time, it is <u>not</u> compelling UHS to search or turn over individual patient files.

**UHS's Motion to Compel Discovery**

UHS's motion to compel discovery seeks an order compelling Johnson to produce all documents and information as requested by UHS's interrogatory numbers 1, 3, 5, 7, 10, and 11. UHS asserts that, for these interrogatories, Johnson answered by stating that she would produce documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and that the burden of reviewing the documents and identifying information responsive to the interrogatories was substantially the same for UHS as it was for Johnson. UHS argues that Johnson's answers are deficient because they do not specifically and precisely identify which documents will provide the information responsive to the interrogatories. Further, UHS generally states that the documents used to supplement Johnson's answers do not provide information responsive to the interrogatories.[2]

---

[2]To describe how the documents provided by Johnson fail to fully answer interrogatories 1, 3, 5, 7, 10, and 11, UHS states:
> Given that the crux of Plaintiff's Complaint is that UHS has used the Masters and Johnson name outside of the scope of the license agreement, UHS asked plaintiff to provide a full description of her participation in the negotiations of the initial license agreement (Interrogatory No. 5). Nothing produced by Plaintiff comes close to providing a sufficient answer to this interrogatory. Although some documents (i.e., letters from her attorney), outline some concerns regarding the terms of the Agreement, these documents do not provide a full description of her role or participation in the negotiations of the terms of this agreement. Similarly, Interrogatory No. 7 requests a description of the negotiations of the agreement between the parties for the use of the service mark at issue beginning January 1, 2004. Again, some documents discuss terms of the agreement, but do not describe Ms. Johnson's role in the negotiations. Plaintiff also failed to provide any documents

The Court fails to understand how Johnson has not adequately answered interrogatories 1, 3, 5, 7, 10. Further, the Court accepts Johnson's explanation that, because UHS has not produced financial information that would enable her to detail damage calculations, she cannot fully answer interrogatory 11. E.D.Mo. L.R. 3.04(C) states that, "[u]pon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the objection is not stated in detail." Nothing in UHS's memoranda provides the Court with sufficient detail to consider if and how the documents Johnson has already provided fail to fully respond to UHS's interrogatories. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Virginia E. Johnson's motion to compel discovery [Doc. #23] is granted in that, to the extent such documents exist, defendant UHS shall produce, on or before **October 30, 2007**, UHS documents reflecting (1) UHS revenue generated from each seminar and clinical program that utilized the service mark, and (2) UHS revenue generated from promotional and educational materials that utilized the service mark.

**IT IS FURTHER ORDERED** that defendant UHS of Delaware, Inc.'s motion to compel discovery [Doc. #26] is denied.

---

> detailing any information in response to <u>Interrogatories [sic.] No. 11</u>, requesting information regarding a specific dollar amount of damages that was allegedly sustained by the plaintiff.

<u>See</u> Doc. #27, p. 6 (emphasis added). The Court notes UHS memoranda do not provide any explanation with regard to interrogatories 1, 3, and 10.

**IT IS FURTHER ORDERED** that the parties' joint motion to amend [Doc. #32] is granted as follows.

**IT IS FURTHER ORDERED** that plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 1, 2007**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 9, 2007**. Plaintiff shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 30, 2007**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **December 28, 2007**.

**IT IS FURTHER ORDERED** that defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 9, 2007**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 30, 2007**. Defendant shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 14, 2007**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **December 28, 2007**.

**IT IS FURTHER ORDERED** that the parties shall complete all discovery in this case no later than **December 28, 2007**.

**IT IS FURTHER ORDERED** that any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **January 18, 2008**.

Dated this      23rd      day of October, 2007.


                                       /s/Donald J. Stohr
                                       UNITED STATES DISTRICT JUDGE