```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MARY VIRGINIA MASTERS, aka      )
VIRGINIA E. JOHNSON,            )
                                )
            Plaintiff,          )
                                )
      vs.                       )        Case No. 4:06CV1850-DJS
                                )
UHS OF DELAWARE, INC.,          )
                                )
            Defendant.          )
```

## ORDER

Now before the Court is defendant's motion to exclude the testimony of plaintiff's damages expert, Mark Hoffman [Doc. #46]. The matter has been fully briefed and is ready for disposition.

### I. Background

Plaintiff, in her amended complaint, alleges that she and the late Dr. William H. Masters pioneered research in the field of human sexual response and the diagnosis and treatment of human sexual disorders. Because of Dr. Masters and Ms. Johnson's contribution to the field of sexual medicine, plaintiff alleges that the "Masters and Johnson" name has achieved world-wide fame. Plaintiff further alleges that she is the sole trustee and beneficiary of the Revocable Trust Indenture of Virginia E. Johnson, the sole owner of the Masters and Johnson service mark ("service mark"), and that use of the service mark is licensed to certain clinics to inform patients and consumers of the clinic's affiliation with the teachings, research, principles, and methodology of Dr. Masters and Ms. Johnson. Plaintiff alleges that

the service mark was licensed to defendant, and that defendant used the service mark in a manner outside the scope of that license.

Four of plaintiff's claims against defendant remain pending.[1]  Count I brings a claim for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq.  Count IV brings a claim for service mark infringement pursuant to Missouri common law.  Count V brings a claim for unfair competition pursuant to Missouri common law.[2]  Count VII brings a claim for breach of contract pursuant to Missouri common law.

Plaintiff has retained the services of Mark Hoffman, and intends to have Mr. Hoffman provide expert testimony at trial concerning the damages sustained by plaintiff as a result of defendant's allegedly improper use of plaintiff's service mark.[3]  In his expert report, Mr. Hoffman provides opinions with regard to: (1) the amount of defendant's gross revenue generated from the allegedly infringing programs during the period 1995 through April 2005; (2) the amount of defendant's profits generated from the allegedly infringing programs during the period 1995 through April

---

[1]On March 6, 2008, Counts II, III, and VI of plaintiff's amended complaint were voluntarily dismissed.  See Doc. #57.

[2]The Court previously noted that Missouri follows the general principles of unfair competition expressed in the Lanham Act, and found that analysis of a claim under the Lanham Act applies equally to a Missouri common law unfair competition claim.  See Doc. #82, p. 14.

[3]Mr. Hoffman has a bachelors degree in accounting and a masters degree in business administration in finance.  He is a certified public accountant, certified management accountant, certified valuation analyst, and certified fraud examiner.  He has authored several publications pertaining to damages in intellectual property and contract matters.  See Doc. #58-3, Curriculum Vitae of Mark E. Hoffman.

2005; (3) an estimated reasonable royalty adequate to compensate plaintiff for defendant's alleged infringement; and (4) the prejudgment interest on plaintiff's damages. See Doc. #60, Expert Report of Mark Hoffman, pp. 1-2.

Defendant has filed a motion to exclude the expert testimony of Mr. Hoffman. Defendant's motion does not challenge Mr. Hoffman's credentials or expertise; rather, defendant argues that Mr. Hoffman's opinions are not relevant or reliable. Plaintiff opposes defendant's motion, and argues defendant's concerns are better addressed on cross-examination and do not support the exclusion of her expert.

## II. Standard of Review

Testimony by a qualified expert that bears on scientific, technical, or other specialized knowledge and will assist the trier of fact to understand the evidence or to determine a fact in issue is admissible under Rule 702 if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. See Fed.R.Evid. 702. Pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Rule 702 imposes on trial courts a "gatekeeping" function to insure that proffered expert testimony is both relevant and reliable. See, e.g., Penney v. Praxair, Inc., 116 F.3d 330, 333 (8th Cir. 1997); Pestel v. Vermeer Mfg. Co., 64 F.3d 382, 384 (8th Cir. 1995). When assessing the relevance of proposed expert testimony, a trial court must determine whether the

"reasoning or methodology in question is applied properly to the facts in issue." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006) (citing Daubert, 509 U.S. at 591–93). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful." Sorensen By and Through Dunbar v. Shaklee Corp., 31 F.3d 638, 648 (8th Cir. 1994) (citation omitted). When assessing the reliability of expert testimony, a trial court should consider several factors, including: (1) whether the concept has been tested; (2) whether the concept has been subject to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the community. See Miller v. Baker Implement Co., 439 F.3d 407, 412 (8th Cir. 2006) (citing Daubert, 509 U.S. at 593–95).

> As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.

Bonner v. ISP Tech., Inc., 259 F.3d 924, 929–30 (8th Cir. 2001). Accordingly, questions of conflicting evidence must be left for the jury's determination, and a trial court should resolve doubts regarding an expert's testimony "in favor of admissibility." Marmo, 457 F.3d at 758. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky

but admissible evidence." Kudabeck v. Kroger Co., 338 F.3d 856, 862 (8th Cir. 2003) (citing Daubert, 509 U.S. at 596).

### III. Discussion

Defendant argues that Mr. Hoffman will offer a damage calculation based on the assumption that <u>none</u> of defendant's revenue resulted from proper uses of the service mark. Defendant argues that this assumption is unfounded, and that uncontroverted evidence not utilized by Mr. Hoffman demonstrates that <u>some</u> of defendant's uses were within the scope of the license. Further, defendant argues that Mr. Hoffman fails to omit from his calculations revenue generated by defendant's hospitals and programs that did not utilize the service mark. Defendant contends that since Mr. Hoffman's opinions regarding revenue include revenue generated by defendant's properly licensed use, as well as revenue generated from hospitals and programs not using the service mark, his opinions are not founded on a legitimate factual basis and should be excluded as irrelevant and unreliable.

Plaintiff opposes defendant's motion. First, plaintiff asserts that defendant <u>never</u> used the service mark in accordance with the license, and accordingly disputes those facts defendant maintains are "uncontroverted." Plaintiff further argues that Mr. Hoffman will offer testimony with regard to: (1) the amount of defendant's gross revenue from programs that utilized the service mark; (2) the amount of defendant's gross revenue for purposes of assessing damages; (3) the reasonable royalty adequate to compensate plaintiff; and (4) the amount of prejudgment interest.

Plaintiff states that Mr. Hoffman will not offer an opinion on liability, and the Court notes that Mr. Hoffman's expert report specifically states that "[f]or purposes of my analyses and this report, I have been asked to presume that the Court finds in favor of the plaintiff with respect to liability." Doc. #60, Supplemented Report of Mark Hoffman, p. 1.

To recover damages under the Lanham Act, a "plaintiff must prove both actual damages and a causal link between the defendant's violation and those damages." Blue Dane Simmental Corp. v. Am. Simmental Ass'n, 178 F.3d 1035, 1042 (8th Cir. 1999). To wit, this Court has stated that while plaintiff may be entitled to monetary relief, plaintiff will be required to provide an evidentiary basis on which to rest any award of damages. See Doc. #82, p. 18; Porous Media Corp. v. Pall Corp., 110 F.3d 1329, 1336 (8th Cir. 1997) (balancing a recognition of the basic harm to a plaintiff with the statutory requirement that any monetary recovery under the Lanham Act must represent compensatory damages shown to have been caused by the defendant). This is not to say that plaintiff must support her damage allegations with absolute exactness, and "'it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate.'" Martin v. Feilen, 965 F.2d 660, 672 (8th Cir. 1992) (quoting Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563 (1931)).

> Undeniably the method the district court used to measure damages was somewhat crude. It depended on an inference.... That inference is not

> inexorable, neither is it fanciful. Much legal reasoning depends on...extrapolation from limited data. If there was some doubt about that result, [defendant] should have come forward with evidence to demonstrate the error. It did not. Under these circumstances, the district court's conclusion was not clearly erroneous.

Intel Corp. v. Terabyte Intern., Inc., 6 F.3d 614, 621 (9th Cir. 1993) (ciations omitted). "[D]isagreement does not render [plaintiff's expert's] opinions unreliable. [Defendant] may cross-examine [plaintiff's expert] about the wisdom of relying on certain...documents to the exclusion of others, but [plaintiff's expert's] opinions are not excludable on this basis." McIntosh v. Monsanto Co., 462 F. Supp. 2d 1025, 1032 (E.D. Mo. 2006).

In this case, it is undisputed that defendant used plaintiff's service mark to promote some of its clinics and programs. With regard to these uses, the Court has previously stated that disputed *fact* questions remain concerning whether the service mark was utilized by defendant outside the scope of the license. In other words, the Court has not found as a matter of law what uses were within and what uses were outside of the license, and the extent (if any) of defendant's non-licensed use is currently a disputed fact question. The Court assumes that the factual basis of Mr. Hoffman's opinions will be attacked by vigorous cross-examination, presentation of contrary evidence, and careful jury instructions, and defendant's motion to exclude Mr. Hoffman's opinions will be denied.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant's motion to exclude the testimony of plaintiff's damages expert, Mark Hoffman [Doc. #46] is denied.

Dated this ___9th___ day of June, 2008.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE